IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-hc-02215-BO

| TITO LAMONT ANDERSON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JUSTIN ANDREWS, | ) | |
| | ) | |
| Respondent. | ) | |

On August 30, 2018, Tito Lamont Anderson ("petitioner"), a federal inmate, filed pro se a petition for writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On January 23, 2019, the court conducted its preliminary review under 28 U.S.C. § 2243 and allowed the action to proceed. See Order [D.E. 5]. On March 15, 2019, respondent filed a motion to dismiss [D.E. 10] and a memorandum in support [D.E. 11]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court issued a "Rule 12 Letter" notifying petitioner about the pending motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 12]. Petitioner timely filed a response in opposition together with an attachment in support [D.E. 13].

On October 7, 2019, the court issued an order that granted respondent's motion to dismiss, dismissed the action without prejudice for lack of jurisdiction, and denied a Certificate of Appealability. See Order [D.E. 15]. On October 24, 2019, petitioner moved for reconsideration [D.E. 17]. Petitioner requests that the court certify the following question to the United States Court of Appeals for the Fourth Circuit: "In light of US v. Jones, US v. Wheeler, US v. Jefferson, Hahn v. Moseley and Chazen v. Marske, 'can' the district court grant the Habeas Relief to the Career Offender defendants where were under the Advisory Guideline system for this Circuit [sic]?" Id.

Discussion:

The decision to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is within the sound discretion of the court. See Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002). This circuit recognizes three reasons for granting a Rule 59(e) motion to alter or amend a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted).

Petitioner does not contest the court's determination it lacks jurisdiction but instead re-raises old arguments, compare Mot. [D.E. 17], with Pet. [D.E. 1], and Pet'r's Resp. [D.E. 13] at 1–2, and cites two new cases, see Hahn v. Moseley, 931 F.3d 295, 303 (4th Cir. 2019) (applying Fourth Circuit procedural law, but a substantive Tenth Circuit law that rendered the conduct in question, a firearm possession charge, non-criminal); Chazen v. Marske, 938 F.3d 851, 859 (7th Cir. 2019) (holding, after Mathis v. United States, 136 S. Ct. 2243 (2016), petitioner's second-degree burglary convictions no longer qualified as a predicate violent felony under the Armed Career Criminal Act). Because the new cases do not reflect any 1) change of settled substantive law, 2) deemed to apply retroactively on collateral review, that is 3) relevant to petitioner's case or otherwise binding on this court, petitioner still cannot satisfy the section 2255(e) "savings clause" test announced in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) ("Wheeler"). Further, because the motion for reconsideration merely seeks to re-litigate prior claims but does not cite to any change in controlling law, raise newly discovered evidence, identify any clear error in the court's previous orders, or show that the result was manifestly unjust, petitioner is not entitled to relief under Rule 59(e). See Zinkand, 478 F.3d at 637; see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old

2

matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (citation and quotation marks omitted)).

To the extent petitioner instead seeks relief under Federal Rule of Civil Procedure 60(b), this rule "authorizes a district court to grant relief from a final judgment for five enumerated reasons or for any other reason that justifies relief." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (en banc) (quotation omitted). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that he has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant the relief. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 266 (4th Cir. 1993).

Here, because petitioner's motion for reconsideration fails to raise a "meritorious claim or defense," or otherwise demonstrate that "exceptional circumstances warrant the relief," petitioner fails to meet the threshold requirements under Rule 60(b). See Robinson, 599 F.3d at 412 n.12.

The court concludes that petitioner fails to establish grounds for relief under either Rule 59(e) or Rule 60(b). Although petitioner asks the court to certify his inquiry to the Fourth Circuit, the court declines for the same reasons a Certificate of Appealability was denied. See Order [D.E. 15].

### Conclusion:

For the reasons discussed above, the court denies the motion for reconsideration [D.E. 17].

SO ORDERED. This 8 day of November, 2019.

Terrence Boyle
TERRENCE W. BOYLE
Chief United States District Judge

3